FRANCIS ROCHE & another *vs.* GEORGE B. FARNSWORTH & another.

A sale of mortgaged land by an assignee of the mortgage, under a power in the deed, to the mortgagee or his assigns, to sell the land by auction, for breach of the condition of the deed, "without further notice or demand except giving notice of the time and place of sale once in each of three successive weeks in two daily newspapers printed in the county," is invalid, if the published notice omits to name or identify the then holder of the equity of redemption and the assignee of the mortgage himself, although it states the names of the mortgagor and mortgagee and refers by book and page to the record of the mortgage in the registry of deeds.

BILL IN EQUITY filed January 3, 1871, to redeem real estate in Boston from a mortgage held by the defendant Farnsworth, and to restrain Farnsworth from conveying, and Lawrence J. Riley, the other defendant, from receiving a conveyance of the land, in pursuance of a sale thereof by auction on December 31, 1870, under a power in the mortgage deed. An injunction was issued, as prayed for; and at the subsequent hearing, before *Wells,* J., the material facts appeared as follows:

On April 6, 1859, George G. Smith, then seised in fee of the real estate, mortgaged it to Amos Farnsworth, to secure payment of a loan of $3000 in four years, with interest at the annual rate of six per cent., payable semi-annually, by a mortgage deed which contained a power to the mortgagee, his executors, administrators or assigns, "at any time after two months' continuance of any breach of the foregoing conditions," to "sell and dispose of the granted premises at public auction, either with or without order of court, such sale to be in said city of Boston, without further

notice or demand except giving notice of the time and place of sale once in each of three successive weeks in two daily newspapers printed in the county of Suffolk, and in his or their own names, or as the attorney of the grantor, for that purpose by these presents duly authorized, convey the same absolutely and in fee simple to purchaser or purchasers accordingly, and out of the money arising from such sale to retain all sums then secured by this deed, (whether then or thereafter payable,) together with interest and all costs and expenses, paying the surplus, if any, to the grantor or his assigns, or to the court, if any, ordering or confirming said sale, and such sale shall forever bar the grantor, and all persons claiming under him, from all right and interest in the premises, at law or in equity, it being mutually agreed that the grantee, or his assigns may purchase at said sale, and that no other purchaser shall be answerable for the application of the purchase money." This mortgage was duly assigned to the defendant Farnsworth on July 1, 1862.

The estate, subject to this mortgage, passed from Smith, by mesne conveyance, to the plaintiffs, on September 15, 1869. The price they paid for it was $7750, less the amount of the mortgage note. They then entered into a written agreement with the defendant Farnsworth, which was acknowledged and recorded on October 6, 1869, for an extension of the time of payment of the mortgage debt for five years from August 19, 1869, and an increase of the rate of interest thereon to seven and three tenths per cent. per annum, payable semi-annually on April 6 and October 6, in which agreement it was expressed that nothing therein contained should "be construed to impair the security of said Farnsworth, his executors, administrators or assigns, under said mortgage, or to affect or impair the lien on the real estate therein described which he has by virtue of said mortgage, nor affect or impair any rights or powers which he may have under the said note and mortgage for the recovery of the mortgage debt, with interest, in case of nonfulfilment of this agreement, or of any of the provisions thereof," by the plaintiffs.

The interest on the mortgage debt, at the increased rate, due April 6, 1870, was paid by the plaintiffs; and afterwards they

entered into negotiations at first with the defendant Farnsworth, and subsequently with one Ratshesky, for a loan of $6000 upon the land, with interest at the annual rate of seven per cent. One of the terms of Ratshesky's agreement to lend the money was, that the Farnsworth mortgage should be cancelled. Pending these negotiations, the second instalment of interest fell due on October 6, 1870, and was not paid. An examination by Ratshesky's lawyer afterwards in November, and early in December, disclosed what he deemed defects in the plaintiffs' title.

The defendant Farnsworth, in December 1870, more than two months after the default in payment of the interest, proceeded, under the power in the mortgage deed, to sell the estate by auction, giving notice of the time and place of sale only by publishing the following advertisement once a week for three successive weeks in two daily newspapers printed in Boston :

" Mortgage Sale of Real Estate. By virtue of a power of sale contained in a mortgage deed, made by George G. Smith to Amos Farnsworth, dated April 6, 1859, recorded with Suffolk deeds, Lib. 756, Fol. 229, and for breach of condition of said mortgage, will be sold at public auction on the premises hereinafter described, being No. 23 Pine Street in Boston, on the thirty-first day of December current, at three o'clock in the afternoon, a certain lot of land, with the dwelling-house thereon, situated on Pine Street in Boston, in the county of Suffolk, being lot sixteen on Alexander Wadsworth's plan, recorded with Suffolk deeds, Lib. 471, Fol. 281, containing eight hundred and thirty-three and one quarter square feet, bounded north by Pine Street twenty feet; west on lot fifteen on said plan forty-three feet feet, three inches; south by land of Gordon, twenty feet, three inches ; and east by lot seventeen on said plan, forty-one feet, one inch. By order of the assignee of said mortgage. Boston, December 10, 1870."

At the sale, the only persons present were, the defendant Farnsworth ; George Morrill, his attorney ; the defendant Riley ; George G. Smith, the former owner of the estate ; and Charles H. Leavitt, the auctioneer. The defendant Riley did not see the advertisement, and was informed of the expected sale by the auctioneer, at whose office he had called on other business. Smith

saw the advertisement. The only bidders were Morrill, who bid at the defendant Farnsworth's request, and Riley. The first bid was $3200, and the bidding advanced from that amount, in sums of $100 or less, to $3850, at which price the estate was struck off to Riley. Morrill's last bid was within $10 or $20 of $3850. Riley paid the auctioneer $300 on account of the purchase money, and signed and exchanged with him the papers usual at sales of land by auction. The advertisement was read aloud by the auctioneer, in Riley's presence, before the bidding was begun.

Neither of the plaintiffs saw the advertisement, or knew of the sale till after its occurrence, but the plaintiff Roche had reason to believe, from conversations with the defendant Farnsworth on or before the 9th of December, that Farnsworth would advertise the estate for sale, and during the month of December examined newspapers occasionally for the purpose of seeing if it was so advertised. Roche's place of business was in Boston, within five minutes' walk from the mortgaged premises. The other plaintiff's place of business was also in Boston, in the same quarter of the city with the mortgaged premises, but at a greater distance from them than Roche's. The testimony on both sides showed that the value of the estate was more than $3850.

The judge was of opinion, on all the evidence, "that the plaintiffs were entitled to a decree allowing them to redeem the property from the mortgage, but that the same should be only on condition of full payment, not only of the amount due according to the terms of the agreement extending the time of payment of said mortgage debt, but also of all expenses and losses incurred or suffered by reason of the proceedings of sale commenced, and interrupted by this suit, either on the part of said Farnsworth or the said Riley, defendants herein, so as fully to indemnify them therefor;" and ordered that the amount thereof should be determined by a master to be appointed for that purpose, and that upon return and acceptance of his report a decree should be drawn and entered accordingly. From this order the defendants appealed to the full court.

*N. Morse,* for the plaintiffs.

*H. G. Hutchins,* for Riley.

*G. Morrill*, for Farnsworth.

CHAPMAN, C. J.   Without considering the question whether, by the terms of the power of sale, the defendant Farnsworth was authorized to make a sale for nonpayment of the increased interest due under his contract with the plaintiff, we think there was a defect in the notice that rendered the sale invalid.   It describes the mortgage as being made by George G. Smith to Amos Farnsworth, but does not name the present owners, who are the plaintiffs, nor the assignee of the mortgage, who is the defendant Farnsworth.   It purports to be made by order of the assignee ; but does not name him, and is signed by no one.   These are obscurities that are inconsistent with the degree of clearness that ought to exist in such an advertisement.

The mortgagee sells under a power.   The form used in the mortgage does not require him to notify the holder of the equity of the intended sale ; but it is not an unreasonable strictness to require him to state what property he proposes to sell, and who proposes to make the sale, and who advertises it for sale.   The general doctrine is, that a power must be executed in strict compliance with its terms.   4 Kent Com. (6th ed.) 377.   This court has applied this doctrine to powers of sale contained in mortgages, and held that a bare literal compliance is not enough. *Montague* v. *Dawes*, 14 Allen, 369.

There is the more reason for this, where the power is made to a mortgagee, who is interested merely for himself, and has opportunities for collusion and for taking unfair advantage of the mortgagor.   In this case, the advertisement brought no bidders to the auction ; and none were there except Farnsworth's attorney, and the defendant Riley, who was brought there by the auctioneer. It could hardly be called a sale at public auction.   The plaintiff, though living near by, had no actual knowledge of the auction till after it occurred ; and has been guilty of no laches in attempting to arrest it.          *Decree that the plaintiffs may redeem.*

The final decree afterwards entered in this suit was as follows : " That the plaintiffs be allowed to redeem the estate from the mortgage set forth in their bill, on paying to the defendant

Farnsworth the amount thereof with interest; and that the plaintiffs recover no costs of suit up to the time of the appeal taken by the defendants; and that said Farnsworth pay the costs arising upon the appeal."