MARY B. TRUE, in equity, *vs.* DANIEL C. EMERY *et als.*

Cumberland.   Decided January 30, 1877.

*Attachment.*

Where two several creditors simultaneously attach a debtor's real estate consisting of an equity of redemption, as between themselves an undivided half thereof becomes holden as attached on each writ, and the equity may be sold in moieties upon executions recovered upon such writs, one undivided half upon each execution, where neither moiety is sold upon the execution for a sum exceeding the amount due thereon.

Where an officer in his return of a sale of an equity upon execution, declares that he published in a certain newspaper, the notice which the statute requires to be given, it is not competent for the debtor or any one claiming under him, to contradict the officer's return by the production of such newspaper, showing the return to be untrue.

There is no legal necessity of returning to the clerk's office, within any definite time, the execution upon which an equity has been sold by an officer, in order to make the sale valid, as against a subsequent purchaser. The registry of deeds (by statute) discloses the state of the title in such case.

BILL IN EQUITY, to redeem a farm in Gorham, from a mortgage by Merrill W. Mosher to one David D. Thorn and his assigns, to secure the payment of $2500, in one year from date, May 1, 1871, with interest; the right of redemption having been assigned to the complainant by Mosher, by his deed of March 30, 1874.

The bill sets out that at the October term, 1873, the mortgagee, Thorn, recovered a conditional judgment against Mosher, for $2760.20 debt, and $31.86, costs; that Thorn assigned this judgment to Emery, January 19, 1874, who, on failure of payment of the judgment, April 22, 1874, sued out an alias writ of possession, whereby Emery was put into full possession of the mortgaged premises, on May 14, 1874; that the plaintiff, as assignee of Mosher, delivered to Emery, a request in writing for a true account; and that Emery refused to comply therewith. The bill closed with a prayer that Emery, Thorn and Libby be required to answer, and that she be permitted to redeem, and for other relief.

The defendant, Emery, admitted the foregoing facts. But set up in defense, that on July 9, 1874, the time of the admitted demand, the complainant had no right to make it or to redeem; that on March 7, 1872, the right in equity of Mosher to redeem was

attached simultaneously on two several writs, in two suits, on that day commenced against him and returnable to the superior court, one in favor of him, the said Emery, and the other in favor of his co-defendant, Libby, and in each, judgment was recovered by the respective plaintiffs at the April term, 1873, and executions issued, on each of which a deputy sheriff, May 17, 1873, seized an undivided moiety of said Mosher's right in equity, and after due proceedings had, on June 27, 1873, to satisfy said two executions, sold both of said undivided moieties, one on each execution, to the said Libby, and on the same day executed to him two several deeds thereof, whereby Libby became seized and the lawful owner of the whole of said Mosher's right in equity to redeem, subject only to the right of said Mosher or his assigns to redeem from the sales on said executions within one year thereafter, and that the year expired June 7, 1874, and Libby then became the absolute owner of the whole of the equity.

*F. O. J. Smith*, for the complainant, contended that there was no statute authorizing an officer to seize and sell by auction on execution, a moiety or any fractional part of a debtor's right to redeem his real estate from a mortgage; that the purchaser cannot compel a mortgagee to relinquish any part of his mortgage security, short of the whole, and only on payment of the full amount of the mortgage debt; nor can a party, by the purchase of one part, acquire the right to redeem an incumbrance on another part.

A creditor may, at his own hazard of removing by agreement existing incumbrances, levy upon a fractional part of his debtor's mortgaged real estate by metes and bounds, as was done in the case of *Franklin Bank* v. *Blossom*, 23 Maine, 546 ; but he cannot have the incumbrance deducted from his appraisement, as is virtually done by selling an entire equity of redemption. *Warren* v. *Childs*, 11 Mass. 222.

The statute points out the mode of reaching the debtor's interest, R. S., c. 76, § 29, and c. 87, § 21, and does not authorize the sale of numerous equities for one sum, nor the reduction of an equity to less than an entirety and the sale of a fractional part, and the imposing upon it the entire incumbrance.

The counsel contended and argued elaborately at length that

the equity could not be split; and under various positions taken, cited, besides some of the cases appearing in the opinion, the following: *Bacon* v. *Leonard*, 4 Pick. 277; *Shove* v. *Dow*, 13 Mass. 529; *Allyn* v. *Burbank*, 9 Conn. 151; *Young* v. *Williams*, 17 Conn. 393; *Jessup* v. *Batterson*, 5 Day, (Conn.) 371; *Franklin* v. *Gorham*, 2 Day, 149.

Counsel also argued upon the insufficiency of the notice which in the opinion appears.

*G. B. Emery*, for the defendants.

A debtor can convey one moiety of his equity to one person and the other to another by one deed, or by separate deeds. If he should convey the whole equity to one and the whole equity to another at precisely the same time by deeds recorded simultaneously, the grantees would take in moieties. The same is the result of a statute conveyance by the officer.

This subject has been thoroughly investigated by his honor, Mr. Justice Walton, as referee, in a case growing out of this sale by the officer, and involving this precise question, and his conclusion was, the sale was valid. In his report Judge Walton remarks: " The ultimate question to be decided is whether in the case of two simultaneous attachments of real estate under mortgage, each attaching creditor can legally cause an undivided moiety of the debtor's right to redeem, to be seized and sold to satisfy his execution. My conclusion is that he can. It being settled that simultaneous attachments create equality of rights, and give to each attaching creditor a lien upon an undivided moiety only, it seems to me that each creditor has a right to have such interest seized and sold to satisfy his execution. In other words, that each creditor has a right independently of the other, to have seized and sold on his execution what was attached on his writ."

PETERS, J. The main question to be decided is, whether an equity of redemption can be sold in separate portions or shares, by an officer, upon different executions, under the particular circumstances existing in this case. The precise question presented has never before arisen in any reported case in this state nor has it been decided elsewhere, under a statutory system like our own, that we are aware of.

Two several creditors made simultaneous attachments upon a debtor's real estate. The property attached turned out to be an equity of redemption. By virtue of the attachments, upon executions afterwards obtained, the equity was sold in moieties at the same time to the same bidder by the officer holding both executions, one undivided half thereof upon one execution and the other half upon the other. Can the sales be upheld? We think they can. If not, then the circumstance that the attachments were made at the same time renders them both void. Attachments made at the same instant stand upon an equal footing. Neither can exclude the other. Each covers the whole estate as far as the debtor is concerned, and one half thereof as between each other; where neither moiety is appraised upon execution for a sum exceeding the amount due thereon. *Fairfield* v. *Paine*, 23 Maine, 498. *Durant* v. *Johnson*, 19 Pick. 544.

The complainant relies upon several authorities, to show the sales to be void. We think the position taken is not sustained by the cases cited.

In *Stone* v. *Bartlett*, 46 Maine, 438, it was held that several distinct equities could not be sold upon execution together for a gross sum, but should be sold separately. The same decision is repeated in the case of *Smith* v. *Dow*, 51 Maine, 21. *Fletcher* v. *Stone*, 3 Pick. 250, decides the same question in the same way. The reason of the decision in those cases is, that a debtor has the right of redeeming one equity without redeeming the other. No such reason can apply in this case.

In *Chapman* v. *Androscoggin Railroad*, 54 Maine, 160, it was determined that our statutes do not permit the sale of an equity of redemption upon two or more executions jointly in favor of two creditors. Undoubtedly, such a proceeding was awkward and illogical in the extreme. Nor was there any necessity for it in that case. There the attachments were successive in point of time and not simultaneous. The equity could have been sold on one execution under the provisions of our statutes. R. S., c. 84, § 21. But here it is different. The equity could not be sold on one execution, because one half of the equity only could be held as attached thereon. It became necessary to provide a way to make such sales

as would save both attachments and make them effectual. The distinction between that case and this, is a marked one, and the reasons upon which the conclusion in that case must rest, although having some appearance of it, are not really pertinent to such a state of facts as is presented here.

While we do not regard the foregoing cases as militating against, there are several cases which by their force and effect strongly support our present view. In *Franklin Bank* v. *Blossom*, 23 Maine, 546, it was decided that, where land situated in two adjoining towns is included in the same mortgage, an officer may sell the right of redeeming the land within one of the towns only. That decision approaches to the proposition sought to be established in this case, very nearly. If an officer could sell what was in one town on one execution, he might sell what was in the other town upon another execution, and the different creditors could resort to a court of equity to settle the matter between them. The complainant thinks that *Bank* v. *Blossom*, stands upon doubtful ground. But we do not perceive that its force has been broken by any of the later decisions.

The case of *Durant* v. *Johnson, supra*, is quite in point. In that case there were simultaneous attachments, by two creditors, of the same parcel of land. One creditor levied upon the whole land, acquiring thereby a title to but a moiety of the land as against the other creditor. Therefore, an undivided moiety remained for the other creditor. By the law of Massachusetts, (same as here) a creditor ordinarily could levy only by metes and bounds upon an estate held by the debtor in severalty. But the latter creditor, to relieve himself from the predicament he was in, levied upon an undivided share of the land, and the levy was declared to be good. The court there, say: "There is no statute provision declaring the effect of simultaneous attachments, or directing the mode of levying executions in such cases, but the court have applied to the cases that have occurred, such legal principles as would most effectually do justice to the conflicting claims of creditors, without violating any existing laws." See *Sigourney* v. *Eaton*, 14 Pick. 414, and *Verry* v. *Richardson*, 5 Allen, 107.

Upon principle, we think these proceedings should be sustained.

We do not go so far as to say that an attachment and a sale of a part of an equity would be valid, when the whole is as open to attachment as any part of it. We confine our decision to the facts of this case. No injury need be suffered by the debtor, by selling his equity in this way. It may be an advantage to him. He can redeem from one sale and forego a redemption of the other, if he desires to. It is urged that a sale in two halves, by splitting the equity, would not bring so much money as a sale of the entirety would. That is not evident. But, if it was, any liability to loss could be avoided by the debtor, by redeeming from the sales, and less money would be required to enable him to do so. The purchaser holds the land subject to the mortgage. If the debtor redeems from both sales, his property is restored to him. If he redeems from one sale only, he becomes a tenant in common with the purchaser, subject to the mortgage. The debtor would then be in the same condition as he would be, had he conveyed an undivided half of the land to the creditor, subject to the mortgage. That would be, by no means, an uncommon relation of parties in an ownership of an estate, and it might be brought about in several ways. Should the debtor, as a tenant in common, redeem the estate by paying up the entire mortgage, he would have an equitable lien upon the half not his own, for the sum he may advance upon it. Nor is there any contingency affecting the situation of the debtor which would debar his interests from a reasonable and sufficient protection. *Smith* v. *Kelley*, 27 Maine, 237. *Bailey* v. *Myrick*, 36 Maine, 50.

The complainant, *arguendo*, says that an article of personal property cannot be sold on execution in common and undivided shares. But it can be, if the debtor owns in it only an undivided share. And in such a case the debtor's situation would exceedingly resemble the position of the debtor here.

The complainant next contends that the notice of sale given by the officer, as published in the Portland Argus, was not a legal and sufficient notice. But this point is not open to the complainant. If it was admitted by the respondents to have been the notice in fact given, the point would have been open. But the respondents refuse to admit it, and rely upon the return of the offi-

cer, that he gave due and legal notice, as conclusive. The sworn return of the officer is conclusive. The rule is very general. The exceptions are very rare, and this case is not one of them. *Blanchard* v. *Day*, 31 Maine, 494, 496. *Grover* v. *Howard*, Id. 546. *Huntress* v. *Tiney*, 39 Maine, 237. *Bunker* v. *Gilmore*, 40 Maine, 88. *Dutton* v. *Simmons*, 65 Maine, 583. *Pullen* v. *Haynes*, 11 Gray, 379. In *Sykes* v. *Keating*, 118 Mass. 517, the officer's return set out that the notice of the sale was of land on Union street in a city, and it was held that evidence that in the published notice of sale the premises were described as situated on Avon street was not competent to contradict the return. The remedy would be against the officer for a false return. We do not mean to intimate, however, that the published notice in the present case is not a perfectly good one. On the contrary, we do not now perceive any valid objection to it. It seems to be in the common form, as laid down in the books of forms for officers' proceedings. It is objected that the whole equity was advertised for sale upon each execution. So was the whole equity attached on each writ. The notice was proper enough as far as that point is concerned. *Non constat*, that the attachments would be in the way of each other when the day of sale should arrive. One of them might be paid or released or waived. The debtor was not prejudiced upon that ground to any extent whatever. The case of *Roche* v. *Farnsworth*, 106 Mass. 509, cited by complainant, does not apply.

Another objection is raised against the validity of the respondents' title. It appears that upon one of the executions, besides the sale thereon of one half of the equity, a levy was also made, other real estate having been taken in satisfaction of a part of the execution. The execution, with all the returns thereon, was left with the register of deeds, to have the levy recorded. The register, very improperly, for his own convenience in copying, cut the papers annexed to the execution, apart; and, when the execution was lodged with the clerk, after the extent was recorded, the part of the papers containing the officer's doings in making sale of the equity was missing. The officer afterwards got the papers together and restored them to their original shape. He is accused of

making an illegal amendment, by so doing. But his act merely had the effect of preventing an amendment or alteration, or a diminution of his return.

The point started by the complainant is that the execution, although returned to the clerk's office, had no officer's return of the sale of the half of the equity thereon until after three months from the time it was issued, nor until after the equity was conveyed by the debtor to the complainant. The answer is, that there was no legal necessity of returning the execution to the clerk's office within any definite time, in order to make the sale of the equity valid as against a subsequent purchaser. The registry of deeds discloses the state of the title. R. S., c. 76, § 33. *Ingersoll* v. *Sawyer*, 2 Pick. 276. *Prescott* v. *Pettee*, 3 Pick. 331. *Gorham* v. *Blazo*, 2 Maine, 232. *Emerson* v. *Towle*, 5 Maine, 197. *Clark* v. *Foxcroft*, 6 Maine, 296.

It becomes unnecessary to consider the other questions discussed on the briefs of counsel.

    *Bill dismissed, with costs to respondents.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and VIRGIN, JJ., concurred.