PAUL A. TAMBURELLO, trustee in bankruptcy, vs. MICHAEL
L. MONAHAN & others.

Berkshire.    April 9, 1947. — June 10, 1947.

Present: FIELD, C.J., QUA, DOLAN, RONAN, & WILKINS, JJ.

*Mortgage*, Of real estate: foreclosure. *Laches. Equity Jurisdiction*,
Laches. *Estoppel.*

A sale in foreclosure of a mortgage under the statutory power of sale
described in G. L. (Ter. Ed.) c. 183, § 21, held nine tenths of a mile
from the mortgaged premises, was wholly void as matter of law since
it was not held "on or near the premises."

There could be no question of laches barring a suit in equity by a trustee
in bankruptcy to establish his title to real estate which had been
owned by the bankrupt at the time, over ten years before the suit was
brought, of a wholly void sale in foreclosure of the mortgage.

A trustee in bankruptcy was not estopped to maintain a suit in equity
to establish his title to real estate which, over ten years before the
suit was brought, had been the subject of a wholly void sale in fore-
closure of a mortgage, where it did not appear that the bankrupt,
owner of the equity of redemption at the time of the sale, although he
acted after the sale as though he had no further interest in the real
estate, knew that the sale was void, and it did appear that the fore-
closing mortgagee, who purchased at the sale, knew all the facts and
that a subsequent grantee from the mortgagee had access equally
with the plaintiff to the facts disclosed on the records.

BILL IN EQUITY, filed in the Superior Court on December
14, 1945.

The suit was heard by *Burns*, J.

*R. T. Capeless*, (*L. S. Cain* with him,) for the plaintiff.

*W. J. Donovan*, (*O. D. Marshall* with him,) for the de-
fendants.

QUA, J.    This suit in equity comes to us upon the appeal
of the plaintiff from a final decree dismissing the bill.    The
evidence is reported.

Whether the bill is treated as one for declaratory relief
under G. L. (Ter. Ed.) c. 231A, inserted by St. 1945, c. 582,
§ 1, or as one for the removal of a cloud on title under
general equity jurisdiction, the point at issue is the validity

of a sale on November 25, 1935, by the defendant Williamstown Savings Bank of a house and lot in Williamstown for the purpose of foreclosing a mortgage thereon originally given by the defendant Monahan to the bank on September 26, 1934.

On October 5, 1934, nine days after the mortgage was given, Monahan conveyed the premises to one Haskins, now the plaintiff's bankrupt. This conveyance was made subject to the mortgage, which Haskins assumed and agreed to pay. On the day of the foreclosure sale the bank, in purported execution of the power of sale conferred by the mortgage, conveyed the premises to itself as the highest bidder at the sale, and on August 29, 1940, conveyed them to the defendant Michael J. Fleming and his wife Alice C. Fleming as joint tenants. The wife died before this suit was brought. The bill in this suit was filed on December 14, 1945. The power of sale in the mortgage was "the statutory power," which required that the foreclosure sale be "on or near the premises" where, as in this instance, no other place was designated in the mortgage. G. L. (Ter. Ed.) c. 183, § 21. In fact the sale was held at the banking rooms of the bank in Williamstown, about nine tenths of a mile from the mortgaged premises. There was evidence that at about the time of the sale in 1935 Haskins abandoned possession of the premises; that he did nothing in reference to them and asserted no rights, although he knew the bank was renting them to tenants, knew of the sale to the Flemings in 1940, saw that the house was being painted and other work being done and himself papered a room for the bank; and that he believed the bank or someone else owned the premises and thought he had no rights in them. There was evidence that important repairs were made by Fleming after he bought. The judge found that Haskins and the plaintiff as his trustee in bankruptcy were guilty of laches.

The sale at the banking rooms of the mortgagee about nine tenths of a mile from the mortgaged premises as matter of law was not a sale "on or near the premises." The requirement of the "statutory power of sale" that the sale

be "on or near the premises" must be deemed to have been inserted because of the belief that commonly a more advantageous sale could be had at a place likely to be known to persons interested and where the property would be within the immediate view of potential bidders than at some possibly unfamiliar place at a distance where bidders would be forced to rely upon their recollections or upon the representations of others. It seems clear that whatever advantages might be expected from a sale "on or near the premises" would be lost by a sale at a banking house nearly a mile away, and therefore that the sale did not comply with the statutory power.

The failure to comply with the terms of the power of sale was not merely in a matter involving the good faith or good judgment that a fiduciary ought to exercise in the methods adopted by him of doing that which he is authorized to do. It was a failure to observe a definite, positive requirement expressed in the power itself without observance of which the bank had no authority or "jurisdiction," as it is sometimes called, to sell at all. In other words, this case falls within the authority of *Moore* v. *Dick*, 187 Mass. 207, rather than within the authority of *Chace* v. *Morse*, 189 Mass. 559. In *Moore* v. *Dick* the mortgagee had advertised the sale in a paper other than that required by the power. This court held the sale wholly void. The same result was reached in *McGreevey* v. *Charlestown Five Cents Savings Bank*, 294 Mass. 480, where the mortgagee advertised and sold in Medford, in the county of Middlesex, where the land lay, although the power required advertisement in the county of Suffolk and sale in Boston. See *Rogers* v. *Barnes*, 169 Mass. 179; Jones on Mortgages (8th ed.) § 2453, at page 999. Compare *Learned* v. *Foster*, 117 Mass. 365.

Since the sale was wholly void and not merely voidable in equity, it left Haskins's interest in the land as grantee of the mortgagor altogether unaffected. The plaintiff, as Haskins's trustee in bankruptcy, merely seeks equitable remedies in aid of that interest, which has now passed to him. As was said in *Moore* v. *Dick*, 187 Mass. 207, at page 212,

"It is strongly urged by the defendant that the plaintiffs are barred by laches. It is said that they knew or ought to have known of these foreclosure proceedings, and that they have slept on their rights so long that they have no claim in equity to relief. But this idea is founded upon a misconception of the case. There is here no question of laches. This is not a case where there has been a literal compliance with the power so that the legal title to the land passed to the purchaser, but for some reason as, for instance, a failure to act with due fidelity to the trust imposed by the power, there are equitable reasons why the sale should be set aside. In such a case the sale, being in law valid, is voidable only in equity, and the owner of the right to redeem must apply for relief in equity within a reasonable time. In the present case there has been no valid sale in law, and the title to the land subject to the mortgages has not passed from the plaintiffs. They are still the owners of the fee. They come into court with a legal right to redeem, a right which never has been impaired by foreclosure proceedings either under the power, or by a formal entry for possession. This right to redeem may be enforced by a bill in equity, and mere delay, provided it does not extend beyond the statute of limitations, is no bar, and that is so whether or not anything is paid upon the mortgage debt." In that case about nineteen years elapsed between the foreclosure and the beginning of the suit. The doctrine of *Moore* v. *Dick* is fully recognized in *Chace* v. *Morse,* 189 Mass. 559, at page 561. It is true that the present bill contains no prayer for redemption, but it is in substance a bill to establish the plaintiff's right to redeem, and it is not perceived that it stands in respect to laches in any different position than as if a prayer for redemption had been included. On the question of laches where the plaintiff has a continuing title out of which his rights arise, see *Curtis Manuf. Co.* v. *Spencer Wire Co.* 203 Mass. 448, 452; *Cohen* v. *Bailly,* 266 Mass. 39, 48; *Fortier* v. *H. P. Hood & Sons, Inc.* 307 Mass. 292, 300–301; *Albano* v. *Puopolo,* 309 Mass. 501, 509–510; *Ferrone* v. *Rossi,* 311 Mass. 591, 595; and *Goldstein* v. *Beal,* 317 Mass. 750, 759–760.

The defendants also contend that the plaintiff is estopped, but we discover no proof of such conduct by Haskins or by the plaintiff with knowledge of the pertinent facts, and of such reliance upon that conduct by the defendants, as would be necessary to establish estoppel. It does not appear that Haskins, who was not himself the mortgagor, knew of the terms of the power, or knew that the sale had not been conducted in accordance with the power. The defendant bank knew all the facts, and the other defendants had access equally with the plaintiff to all facts disclosed on the records. *Nelson* v. *Wentworth*, 243 Mass. 377, 379. *Augello* v. *Hanover Trust Co.* 253 Mass. 160, 167. *DiLorenzo* v. *Atlantic National Bank*, 278 Mass. 321, 325. *Cleaveland* v. *Malden Savings Bank*, 291 Mass. 295, 297–298.

The decree is reversed with costs of appeal, and a decree is to be entered declaring the foreclosure sale void and permanently enjoining the defendants from attempting to enforce any rights predicated upon its validity.

*So ordered.* [1]