PETER J. ROGARIS *vs.* RONALD L. ALBERT, individually and as trustee,[1] & others.[2]

Suffolk. January 7, 2000. - June 27, 2000.

Present: MARSHALL, C.J., ABRAMS, LYNCH, GREANEY, IRELAND, SPINA, & COWIN, JJ.

*Real Property,* Purchase and sale agreement. *Contract,* Construction of contract, Trustee. *Trust,* Personal liability of trustee.

A purchase and sale agreement for trust property signed by the seller trustee in his individual capacity with no indication that he was signing as trustee was not specifically enforceable by the buyer as against the trust. [835-837]

CERTIFICATION of questions of law to the Supreme Judicial Court by the United States District Court for the District of Massachusetts.

*David Berman* for the defendant.

*Roy P. Giarrusso* for the plaintiff.

*Stephen Wainwright,* for the interveners, was present but did not argue.

*Stephen P. Bik & Joel A. Stein,* for The Massachusetts Conveyancers Association & another, amici curiae, submitted a brief.

COWIN, J. A judge of the United States District Court for the District of Massachusetts has certified three questions to this court, pursuant to S.J.C. Rule 1:03, as appearing in 382 Mass. 700 (1981). These questions arise from a dispute over a purchase and sale agreement for real property between Peter J. Rogaris (buyer) and Ronald L. Albert (seller). The seller, the trustee of a nominee trust, signed a purchase and sale agreement to sell the buyer property that was a trust asset. The questions are:

"1. Does Massachusetts law require the consent of the Trust beneficiaries to a sale of a trust asset, prior to the termination of the Trust?

---

[1] Of the Ronbert Realty Trust.

[2] Ronald L. Albert, Jr., Daniel J. Albert, Catherine Halsey, and Arlene M. Keach, interveners.

"2. If the answer to the first question is affirmative and if the beneficiaries did not agree to such a sale, is a prospective purchaser under a purchase-and-sale agreement entitled to specific performance?

"3. Where a Massachusetts declaration of trust contains, *inter alia*, the following paragraph:

> 'No person dealing with the Trustee hereunder shall be under any obligation or liability to see to the application of any purchase money or to any other money or property loaned or delivered or transferred to the Trustee or to see that the terms and conditions of this Trust have been complied with. Any person dealing with the trust property or any Trustee, may rely fully and without further inquiry on a certificate signed by any person appearing, from the records of the Registry of Deeds in which this Trust is recorded, to be a Trustee hereunder, as to who are the Trustees or the Beneficiaries hereunder, or as to the authority of any trustee to act, or as to the existence or non-existence of any fact or facts which constitute or may constitute conditions precedent to any acts or action by any Trustee, or which are in any other manner germane to the affairs of the Trust including, without limitation, the fact of whether or not directions authorizing the Trustee to so act have been given by the Beneficiaries as in this Trust provided,'

and where a prospective purchaser under a purchase-and-sale agreement did not rely on any certificate and the agreement was signed by the trustee but without any indication that he was signing as trustee, is the agreement enforceable?"

We answer the third question, "No," and consequently do not reach questions one and two.

1. *Background.* We rely on the facts as recited by the District Court judge in his memorandum and order on summary judgment. On September 17, 1997, the seller executed a purchase and sale agreement with the buyer for the sale of real property for $375,000. The buyer did not know that on October 27, 1995, the seller had executed a declaration of trust creating the Ronbert Realty Trust (trust) designating himself as trustee and naming his four children as beneficiaries. The buyer also did not know that, on that same day, the seller had conveyed the property that is the subject of the purchase and sale agreement at issue to the Ronbert Realty Trust.

2. *Question three.* The parties' arguments in this case focus on whether the buyer had constructive notice of the trust provisions pursuant to G. L. c. 203, § 2, and was therefore bound by its terms. We conclude, based on the facts provided, that G. L. c. 203, § 2, has no application here. Section 2 provides constructive notice of the terms of a trust concerning land to every person claiming under a conveyance, attachment, or execution after the trust instrument is recorded in the registry of deeds. In order to have constructive notice of the trust terms, the person ·claiming under the conveyance, attachment, or execution must know of the existence of the trust. The statute has no application in these circumstances because the facts do not indicate that the buyer had any knowledge of the existence of the trust. Further, the buyer here is not claiming under a conveyance, attachment, or execution, but rather under a purchase and sale agreement.

In any event, the trust provisions are not implicated in the agreement between the buyer and the seller. The facts provided to us indicate that the seller executed the agreement in his individual capacity only and, in such circumstances, the seller binds only himself and not the trust. In interpreting a written contract, such as a purchase and sale agreement, the court gives full effect to all the terms expressed by the parties. *J. A. Sullivan Corp.* v. *Commonwealth*, 397 Mass. 789, 795 (1986). The terms stated by the parties will be taken in their plain and ordinary sense unless otherwise indicated by the contract. *Morse* v. *Boston*, 260 Mass. 255, 262 (1927), and cases cited. It is not the role of the court to alter the parties' agreement. "Even if it be found that the contract, according to its true meaning . . . fails to become operative, it is not for the court, in order to give it operation, to suppose a meaning which the parties have not expressed . . . ." *Shoe & Leather Nat'l Bank* v. *Dix*, 123 Mass. 148, 150 (1877).

In this case, the purchase and sale agreement was signed by the seller as "Ronald L. Albert." There is no indication from any language in the purchase and sale agreement that the seller was acting in his capacity as trustee of the trust. Cf. *Baker* v. *James*, 280 Mass. 43, 47-48 (1932) (note signed by makers bears "some indication that the makers purported to be acting as trustee"; shows that signer acts in representative capacity on behalf of trust).

One who, in connection with a trust, acts in a fiduciary capac-

ity is treated as a different party when acting individually. See *New England Oil Ref. Co.* v. *Canada Mexico Oil Co.*, 274 Mass. 191, 198-199 (1931); *Shoe & Leather Nat'l Bank* v. *Dix, supra* at 149-151. "[W]hatever authority the signer may have to bind another, if he does not sign [in that capacity], he binds himself, and no other person." *Stackpole* v. *Arnold*, 11 Mass. 27, 29 (1814). See *Taber* v. *Cannon*, 8 Met. 456, 459-460 (1844) ("It is very clear, that where it is apparent, from the form of the contract, that the agent intends to bind himself, and not his principals . . . the principals are not liable"); *Mayhew* v. *Prince*, 11 Mass. 54, 55 (1814) ("the signer of any contract, if he intends to prevent a resort to himself personally, should express in the contract the quality in which he acts; otherwise he does not bind the party who employs him, and necessarily binds himself"). The Restatement (Second) of Trusts is in accord with this view. A contract entered into by a trustee may bind the trust estate but only if that contract was made in the course of administering the trust. Restatement (Second) of Trusts § 271 comment b (1957). See *Nolana Dev. Ass'n* v. *Corsi*, 682 S.W.2d 246, 250 (Tex. 1984) (purported trustee who signed letter without the restriction "as trustee" personally liable on note).

Here, the seller signed individually and the purchase and sale agreement contains no mention of the trust or the seller's role as trustee. There is no indication from the agreement that the seller sought to do anything other than personally agree to sell the property to the buyer. Therefore, the contract was not made in the administration of the trust and the buyer has no recourse against the trust to seek enforcement of the purchase and sale agreement.[3] He executed a contract with the seller as an individual and is limited to an action against that party to recoup his losses, if any. To permit the buyer to obtain specific performance of the purchase and sale agreement would require the trust, which was not a party to the agreement, to deliver the deed to the buyer. The buyer cannot have an expectation that he would be able to obtain a deed to property from a third party not involved in the execution of the purchase and sale agreement.

The questions certified suggest that a principal-agent relationship may have existed between the trust and the seller: the District Court judge described the trust as a "nominee trust,"

---

[3]The buyer may be entitled to pursue remedies against the seller in an individual capacity.

which is usually viewed as involving a principal-agent relationship. See *Sylvia* v. *Johnson*, 44 Mass. App. Ct. 483, 485-486 (1988), and cases cited. However, the record does not contain findings regarding whether there was in fact an agency relationship. Thus, we do not deal with any questions concerning agency, which, in any event, would not raise novel issues. On the facts presented, our answer to the third certified question is "No." Given that answer, it is unnecessary to answer the first and second certified questions.

Justice Lynch participated in the deliberation on this case, but retired before the opinion was issued.