Fremont-Smith, Thayer, J.
After a jury trial on liability, the jury returned a verdict against Natasha Amitan for negligence and against Sabrina Lanz for misrepresentation. The jury found that Cote, as agent of Coldwell Banker, intentionally misrepresented material facts to the plaintiffs, but that the plaintiffs did not reasonably rely on such misrepresentations. After a post-trial hearing, however, the Court has found that Cote and Coldwell Banker as well as Lanz violated G.L.c. 93A in regard to the plaintiffs. (See this Court’s memorandum and order with respect to c. 93A violations dated June 7, 2007.) As damages are to be determined at a later time by a separate jury trial, defendants have filed this motion, which the parties agree may be considered to be in the nature of a motion in limine, to determine the correct measure of damages for plaintiffs’ recovery of damages resulting from Amitan’snegligence[1] or from misrepresentations or c. 93A violations by Cote and Lanz.
It was undisputed at trial that plaintiffs were sold the left-hand unit in a condominium building rather than the right-hand unit they wanted, for which they paid approximately $680,000. They unwittingly took out a mortgage to buy the left-hand unit, on which they continue to make payments while continuing to live in the right-hand unit which they believed they had purchased.
Plaintiffs seek a rescission remedy, whereby their purchase price would be returned to them in return for their reconveyance of the left-hand unit. The problem is that the seller is not a defendant in this case, and is now insolvent. Although such a remedy was ordered in similar circumstances in Tri-Professional Realty, Inc. v. Hellenberg, 669 N.E.2d 1064 (Court of Appeals of Indiana, 1997), such a remedy does not comport with Massachusetts law.
In Massachusetts, a plaintiff who successfully prosecutes a claim for intentional misrepresentation is “entitled to the benefit of his bargain or the difference between the value of what he has received and the actual value of what he would have received if the representations had been true.” GTE Prods. Corp. v. Broadway Elec. Supply Co., Inc., 42 Mass.App.Ct. 293, 296 (1997), citing Rice v. Price, 340 Mass. 502, 507 (1960). Thus, under Massachusetts law, “where the damages under the benefit-of-bargain rule are proved with reasonable certainty, that rule[2] will be employed.” See Rice v. Price, supra, at 510. Here the plaintiffs received the left-hand unit and if the defendants’ misrepresentations had been true, they would have received the right-hand unit. Therefore, the benefit of the bargain damages are the difference in value between the unit they intended to purchase (the right-hand unit) in the location and condition it was represented to be, and the value of the left-hand unit which they actually received,[3] plus any other consequential damages plaintiffs would not otherwise have suffered. Id. See also Nash et al. v. Minnesota Title Ins. & Trust, 159 Mass. 437, 439 (1893); Rogains v. Albert, 431 Mass. 833, 836 (2000).
With respect to consequential damages, absent further testimony it cannot be said whether plaintiffs’ mortgage and other living expenses are greater than what they would have been to live in the right-hand unit (as they continue to do) even absent any misrepresentations. The plaintiffs are not entitled to be made more than whole by consequential damages. No foundation has so far been presented to indicate that such damages would be not speculative. Nor can the Court rule in limine that any loss of market appreciation has not been off set by any market appreciation on the left-hand unit which they do own so as to mitigate any such consequential damages. These questions are thus reserved for trial.

*518
ORDER

Accordingly, the Court rules that the correct measure of damages is plaintiffs’ loss of the “benefit of their bargain,” i.e., any difference between the value of the left-hand unit they received and the right-hand unit, free of significant water problems and of any legal encumbrances, which they bargained for.
The Court reserves for trial the question of admissibility of alleged consequential damages, i.e., monthly living expenses and lost market appreciation.

Amitan’s motion for a directed verdict as to the c. 93A claims against her has been allowed.

As opposed to the so-called “out-of-pocket” rule.

At the hearing on this motion, it did not appear to be contested that the value of the right-hand unit, were it in the condition it was represented to be (free of significant water problems and of legal encumbrances) was worth the amount plaintiffs paid for it, so that an appraisal of only the left-hand unit at the time of sale appears to be required. Defendants’ counsel agreed to notify plaintiffs’ counsel within 30 days if this assumption is not correct.