van Gestel, Allan, J.
This matter is before the Court on Plaintiff Howard L. Carr’s Emergency Motion for Reconsideration, Paper #21. What is challenged is part of the Memorandum and Order on Cross Motions for Judgment on the Pleadings and for Summary Judgment, Paper #19 (“Mem.”), issued on September 19, 2007 [23 Mass. L. Rptr. 138). The motion is opposed.
Although “there is no duty to reconsider a case, an issue, or a question of fact or law, once decided,” the court retains the authority to do so. King v. Globe Newspaper Co., 400 Mass. 705, 707 (1987), cert. denied, 485 U.S. 940 and 485 U.S. 962, quoting Peterson v. Hopson, 306 Mass. 597, 601 (1940). Among other permissible grounds for reconsidering a previously decided issue, the prior decision may be reconsidered if it was “clearly erroneous and would work a manifest injustice.” King v. Driscoll, 424 Mass. 1, 8 (1996), quoting United States v. Rivera-Martinez, 931 F.2d 148, 151 (1st Cir.), cert. denied, 502 U.S. 862 (1991).
Commonwealth v. Gross, 447 Mass. 691, 693 n.2 (2006).
The fact that this Court here reviews its previous decision on the original motion of the plaintiff, Howard L. Carr (“Carr”), ought not be taken as any indication that that decision was clearly erroneous or that leaving it stand would work a manifest injustice.
What Carr calls into question is only one portion of the prior decision. Carr, in his present motion, says, “(i)n ruling on the parties’ motions, the Court correctly held that Section VIII of the ‘Artist’s Agreement’ between . . . Carr and Entercom violates . . . G.L.c. 149, §186 ... to the extent that it restricts . . . Carr’s right to obtain employment in a specific geographic area for a specified period of time ‘after termination’ of the Agreement.” Mtn. para. 2. Carr goes on to observe that the
Court further held that if, as happened here, En-tercom exercises the right of first refusal afforded to it by Section VIII before the Agreement terminates or expires, the effect of that exercise is to extend the term of the Agreement and prevent it from expiring. Thus, the Court held, Section VIII as applied here is not a post-termination restriction on ... Carr’s right to obtain employment, and does not run afoul of Section 186.
Mtn. para. 3.
Then Carr stakes out his position:
The finding upon which the Court premised its holding is mistaken. Section VIII simply does not provide that the term of the Agreement is extended if Entercom exercises its right of first refusal before the Agreement terminates or expires. On the contrary, Section VIII requires . . . Carr to enter into a new agreement with Entercom “after the expiration or earlier termination” of the existing Agreement.
Mtn. para. 4.
*172 In making the foregoing statements, Carr has stretched the decision made by the Court beyond that intended by the words carefully chosen. What the Court said is:
If, as here, Carr’s employment with Entercom has not terminated, for any reason, then the application of Sec. VIII is no more of a limitation on his competition than any other provision in the Artist’s Agreement, such as the Renewal Option which, if exercised, “continues” the termination beyond September 19, 2007 to September 19, 2008.[ ] On the other hand, if Sec. VIII was being imposed after the September 19, 2007 termination, rather than before as here, then its language would seem to violate c. 149, § 186 because the exercise of the right of first refusal would then occur “within one hundred eighty (180) days after the expiration or earlier termination of this Agreement.” In the latter circumstance, the enforcement of Sec. VIII might be construed as a restriction on competition.
Mem. at p. 13, with emphasis added.
In the last two sentences quoted from this Court’s decision, the Court was not ruling on a situation in which the application of Section VIII was being applied or enforced “after the expiration or prior termination” of the Agreement. Consequently, and deliberately, the emphasized words “would seem” and “might be construed” were used. In the latter part of the quoted language were observations, relevant, but not essential, to the decision then being made. They dealt with a situation that was not presented. As such, these two sentences are not the law of this case, but rather, at most, obiter dictum of a kind that is not binding on this Court or the parties. See, e.g., Old Colony Trust Co. v. Commissioner of Corporations and Taxation, 346 Mass. 667, 676 (1964); Dedham Water Co., Inc. v. Cumberland Farms Dairy, Inc., 972 F.2d 453, 459 (1st Cir. 1992). To suggest, as Carr now does, that this Court “correctly held” that Section VIII violated c. 149, §186, for all purposes, goes too far.
Additionally, the Court observed before that Section VIII of the Agreement was addressing a right of first refusal, not a covenant not to compete like Section II.B.4. The distinction is of significance. G.L.c. 149, §186, prohibits a contractual provision that “restricts the right of [an] employee ... to obtain employment in a specified geographic area for a specified period of time after termination of employment of the employee by the employer or by termination of the employment relationship by mutual agreement of the employer and the employee or by termination of the employment relationship by the expiration of the contract.” That kind of language is directed at covenants or agreements not to compete after an employee leaves his employment and goes to work for a competitor. A right of first refusal, exercised prior to the termination of an agreement, is substantively a different concept and does not, on its face, violate the statutory language. It can only be a statutory violation, if at all, if the right is imposed after the agreement terminates so as to prevent competition.
Further, Carr goes way too far again when he argues that the Court’s analysis “rests on a premise directly contrary to the plain language of the Agreement.” Carr claims that “Section VIII does not provide that the existing Agreement ‘continues’ or is extended if En-tercom exercises its right of first refusal before the Agreement terminates.” Rather, Carr says, “Section VIII requires [him] to enter into a new agreement with Entercom ‘after the expiration or earlier termination’ of the existing Agreement.” He then follows these contentions with an array of basic contract law principles that, quite candidly, add little to nothing to the discussion.
The Court again examines the specific language of Section VIII that Carr says it misread. The portion of the Section in issue reads:
If Artist shall receive at any time during the Term hereof or within one hundred eighty (180) days after the expiration or earlier termination of this Agreement, any offer for Artist’s services from any other radio or television station within the Exclusive Territory to commence after the expiration or earlier termination of this Agreement on any specified compensation arrangement for any specified period, and if Artist shall be ready and willing to accept such offer, then Artist shall give the Company prompt written notice thereof, including a written copy of such offer as presented to the Artist containing the proposed compensation arrangement and term of employment. The Company shall thereupon have the right of first refusal to continue Artist’s servicesl[2]] on Station herein provided after the expiration or earlier termination hereof upon the compensation arrangement and term of employment offered by the other station; and the Company shall exercise such right of first refusal by giving Artist written notice that it is doing so no later than sevenly-two (72) hours (excluding any intervening Saturday, Sunday or holiday) after receipt by the Company of Artist’s notice . . .
During the Term of the Agreement — not after expiration or any earlier termination, of which there was none — Carr received an offer from another radio station within the territory of his Agreement with En-tercom. The offer was “to commence after the termination” of Carr’s Agreement with Entercom, and was for a “specified compensation arrangement for a[ ] specified period.” Further, Carr was “ready and willing to accept such offer.”
In the foregoing posture Carr and Entercom each took action pursuant to the express language of Section VIII. Carr “[gave Entercom] prompt written notice thereof, including a written copy of such offer as presented to [Carr] containing the proposed compensation arrangement and term of employment.” En- *173 tercom “exercise [d the Section VIII] right of first refusal by giving [Carr] written notice that it [was] doing so no later than ... 72 hours . . . after receipt by [Entercom of Carr’s] notice.” At this time Carr’s Agreement with Entercom had neither expired nor been earlier terminated.
Upon completion of the transaction described in the two previous paragraphs — -no word of which is challenged by Carr — the Court returns to Section VIII to see just what it says is the result. “The Company [Entercom] shall thereupon have the right of first refusal to continue [Carr’s] services on Station herein provided after the expiration or earlier termination hereof upon the compensation arrangement and term of employment offered by the other station.” (Emphasis added.)
As noted above, there was no “earlier termination” of the Agreement. Consequently, Entercom, by exercising its right of first refusal, continued Carr’s services beyond the September 19, 2007 original expiration date of the Agreement, upon the compensation arrangement and the term of employment offered by the other station. Contrary to Carr’s argument, it cannot be said that “Section VIII does not provide that the existing Agreement ‘continues’ or is extended if Entercom exercises its right of first refusal before the Agreement terminates.” Nor does anything in Section VIII require Carr “to enter into a new agreement with Entercom ‘after the expiration or earlier termination’ of the existing Agreement.” For this Court to have made such rulings it would have been in direct violation of the well-known legal proposition that it “is not the role of the court to alter the parties’ agreement.” Roqaris v. Albert, 431 Mass. 833, 835 (2000).
Carr argues that the Court has put him in an untenable position. Not so; Carr and Entercom each knowingly executed Carr’s Agreement. Each is entitled to reap the benefits of what was agreed to, and each must abide by the limitations that the Agreement imposes. Carr had, and made, choices. He apparently negotiated an offer from another radio station while his Agreement with Entercom was still in place. He decided to present the offer he received from the other station to Entercom, with an accompanying statement that he desired to accept the offer and was presenting it pursuant to Section VIII of the Agreement with Entercom. He did not have to do this, but he did. He could simply have waited until September 20, 2007, by which time his Agreement with Entercom would have expired. Carr cannot now say that what he did had no legal effect under the Agreement that he signed with Entercom five years earlier. And he cannot now twist the language of that Agreement to mean something that it does not.
Carr is not, as he argues in his brief, “in essence, [subject to] a lifetime employment agreement” with Entercom. And wherever he legally finds himself, it is of his own conscious doing. He has not, as he publicly claims, been placed into some form of high-paid indentured servitude by this Court.
ORDER
For the foregoing reasons, Plaintiff Howard L. Carr’s Emergency Motion for Reconsideration, Paper #21, is DENIED.

The Artist’s Agreement, of course is “to employ Artist. .. and Artist, accepting such employment, agrees to perform services in accordance with the following Schedule and upon the Standard Terms and Conditions attached hereto and constituting a part hereof.” See second introductory paragraph. See also the paragraph in the SCHEDULE entitled “Artist's Services’’ which explains exactly what that phrase means. See, still further, Article I.A. through E. entitled “ARTISTS SERVICES.” To suggest that there is a difference of any significance in continuing “this Agreement,” as used in the Agreement in Schedule D, from continuing “Artist’s services on Station as herein provided” is not apparent to this Court.