Muse, Christopher J., J.
This action arises from a dispute between the plaintiffs, Ronald J. Hague and Angela L. Hague (“the plaintiffs”) and the defendant, ExxonMobil Corporation (“the defendant” or “Exxon-Mobil”) (collectively, “the parties”) over a commercial lease involving the plaintiffs’ property. The parties dispute the meaning of the Lease Agreement’s (“the lease”) provisions regarding the defendant’s option to renew the lease and its option to purchase the plaintiffs’ property. The defendant now moves for summary judgment arguing that although it previously renewed the lease, it validly exercised its right to purchase the property. For the following reasons, the defendant’s Motion for Summaiy Judgment is DENIED.

BACKGROUND

The undisputed facts and the disputed facts in the light most favorable to the non-moving party are as follows. The plaintiffs own property in South Yarmouth, Massachusetts (“the property”) which they lease to the defendant, a gas station operator company, for use as a service station. In 1987, the parties entered the lease which contained an initial five-year term with six successive renewal options, each in five-year terms.
Paragraph 11 of the lease (“paragraph 11”) provides the defendant an option to renew the lease and states,
Landlord hereby grants Tenant options to make six (6) successive renewals of his lease of five (5) years each on the same terms and conditions, the first of such renewal periods to commence at the expiration of the aforementioned fixed term. In order to exercise each successive option, Tenant shall give Landlord not less than thirty (30) days notice prior to the end of the then current term and on the giving of such notice the renewal shall be deemed effective without the necessity of any further act or instrument.
Paragraph 12 of the lease (“paragraph 12”) provides the defendant an option to purchase the property and states,
As a part of the consideration hereof, Landlord hereby grants Tenant the option to purchase the premises free and clear of all liens and encumbrances for the sum of [See Paragraph 28] Dollars ($). This option may be exercised by the giving of written notice from Tenant to Landlord. Tenant shall have sixty (60) days thereafter for examination of title and at 10:00 A.M. on the next business day following expiration of said sixty (60) day period Landlord shall deliver to Tenant at the office of Chicago Title Insurance Company, 133 Federal Street, Boston, MA a good and valid full covenant and warranty deed conveying a good and marketable title and a good and clear record title to said premises free and clear of all liens and encumbrances against payment of the purchase price. Ordinary real estate taxes and rents shall be apportioned as of the date of closing of title.
Paragraph 28 of the lease (“paragraph 28”) sets forth the intervals at which the defendant may exercise its option to purchase the property. Each interval, or option period, coincides with each renewal period. For example, the defendant could first exercise its option to purchase the property at the end of the first five-year renewal period. If it renewed the lease, it could later exercise its right to purchase at the end of the second five-year renewal period. As relevant here, paragraph 28 allows the defendant to exercise its option to purchase at the expiration of the third five-year renewal option period which ended on May 31, 2008. Paragraph 28 also sets forth the price for which the defendant may purchase the property, and, as relevant to this matter, states that the defendant “may exercise its purchase option at the price of Three Hundred Thousand Dollars ($300,000).” Thus, as relevant to this case, paragraph 28 states the following:
At the end of the third renewal option of five years and upon thirty (30) days notice to Landlord the Tenant may exercise its purchase option at the price of Three Hundred Thousand Dollars ($300,000).
Finally, paragraph 17 of the lease (“paragraph 17”) relates to notice and change of address and provides,
Any notice provided for in this lease shall be in writing, and shall be duly given, if delivered personally (to an officer or manager in case of Tenant) or deposited in U.S. mail, enclosed in a registered or certified post-paid envelope, addressed to the respective address below stated: To Landlord at 62 New Boston Road, Dennis, MA. To Tenant at its above-stated address: Attention: Real Estate Manager. Either Landlord or Tenant may at any time change such address by delivering or mailing, as aforesaid, at least ten (10) days previously, stating the change.
On May 14, 2007, the defendant sent the plaintiffs written notice that it was opting to renew the lease for an additional five-year term which would end on May 31, 2013. On April 29, 2008, the defendant sent written notice to the plaintiffs that it was exercising its option to purchase the property. In its letter sent by certified mail, the defendant stated,
Pursuant to the provisions of Paragraph 12 and Paragraph 28 of said Lease Agreement, Tenant hereby notifies you that it elects to purchase the premises for the sum of Three Hundred Thousand *365 Dollars ($300,000). Tenant shall have sixty (60) days for examination of title with a closing date on the next business day following expiration of said sixty (60) day period.
The defendant sent notice of its option to purchase to the plaintiffs at 62 New Boston Road, Dennis, Massachusetts. However, as of 2002, the plaintiffs no longer lived at that address and their new address was 280 Main Street, P.O. Box 40, Creede, Colorado, 81130.
After sending notice of its option to purchase, the defendant commenced a title examination and forwarded closing instructions and other documents to the plaintiffs. The plaintiffs, however, refused to sell the properly. The plaintiffs argue that the defendant’s attempt to purchase the property was invalid for two reasons. First, they argue that where the defendant had already renewed the lease, it was precluded from exercising its option to purchase in April of 2008, and could not do so until the next option period in 2013. Second, they argue that even if the defendant had the option to purchase in April of 2008, its notice was not timely because it sent notice to the incorrect address. According to the plaintiffs, they did not receive the defendant’s notice at their Colorado address until May 14, 2008, which was not within the required 30-day time limit.
The defendant, however, argues the provisions regarding its option to renew the lease (paragraph 11) and its option to purchase the property (paragraphs 12 and 28) are mutually exclusive. According to the defendant, its renewal of the lease on May 14, 2007 did not impact its right to purchase the property during the third lease term ending on May 31, 2008. The defendant also rejects the plaintiffs’ argument that its notice was invalid because it was sent to an incorrect address. The defendant argues that when the plaintiffs changed their address, they did not comply with paragraph 17 which requires a change of address to be made by personally delivering such notice, or by mailing “in a registered or certified post-paid envelope, address to . . . [the defendant] at . . . [3225 Gallows Road, Fairfax, Virginia, 220377]: Attention: Real Estate Manager.” According to the defendant, because the plaintiffs did not follow the proper requirements for changing their address, they cannot argue that the defendant’s failure to send notice to their new Colorado address renders the notice untimely and invalid.

DISCUSSION

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Commissioner of Corr., 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). If the moving party does not bear the burden of proof at trial, it must either submit affirmative evidence negating an essential element of the non-moving party’s claim, or demonstrate that the non-moving party’s evidence is insufficient to establish its claim. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991).
The non-moving party may not defeat the motion for summary judgment by resting merely on the allegations and denials in its pleadings, but must set forth specific facts with affidavits, deposition testimony, answers to interrogatories, or admissions showing that there is a genuine issue for trial. Mass.R.Civ.P. 56(e). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a material fact in order to defeat the motion.” Pederson, 404 Mass. at 17.
The court will interpret all inferences in the light most favorable to the non-moving party. Blare v. Husky Injection Molding Sys. Boston, Inc., 419 Mass. 437, 438 (1995). However, conclusoiy statements or argumentative assertions will not suffice. Key Capital Corp. v. M&S Liquidating Corp., 27 Mass.App.Ct. 721, 727-28 (1989) (finding insufficient “bare assertions and conclusions regarding the [party’s] understandings, beliefs and assumptions”).

A. Renewing the Lease Precludes Defendant from Purchasing the Property

The defendant argues that the provisions for renewing the lease and those regarding the option to purchase are mutually exclusive and that its 2007 renewal of the lease did not impact its right to purchase the property in April of 2008. The plaintiffs, however, argue that although the third option period was scheduled to end on June 1, 2008, when the defendant renewed the lease on May 14, 2007, it immediately extended the lease for a full five-year lease term set to last until May 31, 2013. The plaintiffs read the lease terms to mean that in April of 2008, the defendant was in the middle of a five-year lease term and therefore could not purchase the property at that time. The parties, therefore, dispute the meaning of the lease terms and ask the court to apply the common sense construction of those terms.
An unambiguous lease must be interpreted and enforced “according to the plain and ordinary meaning of the terms used by the parties .. .” Rogaris v. Albert, 431 Mass. 833, 835 (2000). Paragraph 11, which governs lease renewals, specifically provides that “on the giving of such notice [of renewal], the renewal shall be deemed effective without the necessity of any further act or instrument.” The plain and ordinary meaning of the terms, “on the giving of such notice, the renewal shall be deemed effective,” indicates that the defendant effectively renewed the lease on May 14, 2007, and that a new lease period began on that date.
The plain meaning of the terms, “shall be deemed effective ...” is inconsistent with the defendant’s con *366 struction. Based on the common sense meaning of the terms, the defendant’s May 14, 2007 renewal meant it was renewing the lease at that time, not that it would renew the lease at some later time, such as April of 2008. The lease was renewed effectively on May 14, 2007, and based on the lease’s plain meaning, would run for a five-year period ending May 31, 2013. The May 1, 2008 deadline for renewal[2] was rendered irrelevant because the defendant had already renewed the lease on May 14, 2007. As a result, when the defendant attempted to purchase the property on April 29, 2008, it was in the middle of a five-year lease term and was therefore precluded from exercising its option to purchase. This court therefore concludes that the defendant incorrectly construes the lease terms and is not entitled to summary judgment.

B. Change of Address

The plaintiffs also argue the defendant’s attempt to purchase was untimely and ineffective because it sent notice to the wrong address. The defendant, however, maintains the plaintiffs cannot argue this because they failed to comply with paragraph 17’s requirements for changing their address, directing them to send notice stating the address change to the defendant’s Fairfax, Virginia address, Attention Real Estate Manager.
The plaintiffs admit they did not follow paragraph 17’s specific instructions, but argue that other communications gave the defendant had notice of the address change. For example, in 1997, they sent a change of address notice to the Real Estate Offices of Trammel Crow in Barnstable County, Massachusetts. On October 5, 2002, they sent the defendant written notice stating their change of address from Dennis, Massachusetts to “280 Main Street, P.O. Box 40, Creede, Colorado, 81130,” but did not send it via certified mail or to the attention of the Real Estate Manager. The plaintiffs also claim that they faxed messages to an ExxonMobil manager requesting an address change, and in 2004, returned W9 tax forms to ExxonMobil, including as a post-script their new Colorado address.
The court must construe paragraph 17 according to the plain and ordinary meaning of its terms. Rogaris, 431 Mass, at 835. Paragraph 17 clearly outlines the procedure for changing addresses and directs parties to do so by “deliver(ing) [such notice] personally ... or depositing] [such notice] in U.S. mail, enclosed in a registered or certified post-paid envelope, addressed to the respective addresses below stated,” stating the change of address. It instructs the plaintiffs to send notice to the defendant at 3225 Gallows Road, Fairfax, Virginia: Attention Real Estate Manager. Despite the plaintiffs’ argument, they failed to comply with paragraph 17’s plain requirements, as they did not send notice through certified mail, to the Fairfax, Virginia address, with attention to the Real Estate Manager, and stating the change of address. Although this court rejects the plaintiffs’ argument concerning the incorrect address, as discussed above, the defendant was precluded from purchasing the property once it renewed the lease. Therefore, the defendant’s motion for summary judgment is denied.

ORDER

For the reasons stated herein, it is hereby ORDERED that the defendant’s Motion for Summary Judgment be DENIED. Further, in accordance with Mass. R.Civ.P. 56 (c), Judgment is entered AGAINST the defendants, and IN FAVOR of the plaintiffs on Count I (“Declaratory Judgment”) of the Complaint.

 The May 1, 2008 deadline for renewal reflects paragraph ll’s requirement that notice of renewal be given 30 days before the end of the current lease term, which in this case was June 1, 2008.