Wilson, Paul D., J.
Defendant (“Deutsche Bank as Trustee”] held a mortgage on the home of Plaintiffs [the “Borrowers”], and now purports to hold title to the home after purchasing it at a foreclosure sale. When Deutsche Bank as Trustee sent the Sheriff to Borrowers’ home with a notice to vacate, Borrowers filed this lawsuit and obtained a temporary restraining order against enforcement of the notice to vacate.
Borrowers contend that they still own the home because of defects in the foreclosure process. Borrowers now seek a preliminary injunction prohibiting Deutsche Bank as Trustee from taking any action against them resulting from the foreclosure and eviction. I find that Borrowers have established a likelihood of success on the merits as to one set of defects in the original notice of default. I also find that Borrowers will suffer irreparable harm in the absence of a preliminary injunction, and that the balance of harms favors issuance of an injunction.
Background
Borrowers, two sisters who owned a home in Somerville, Massachusetts, granted a mortgage on that home on July 18, 2006 to secure a note for $480,250. The original mortgagee was Mortgage Electronic Registration Systems, Inc. as nominee for Accredited Home Lenders, Inc. At some point, that original mortgagee assigned the mortgage to Defendant Deutsche Bank National Trust Company as Trustee for Morgan Stanley IXIS Real Estate Capital Trust 2006-2. Borrowers state in their Amended Verified Complaint that this assignment occurred on August 17, 2009, but Defendant Deutsche Bank as Trustee has submitted evidence that the assignment may have occurred on November 1, 2006. The date of the assignment is irrelevant to this decision, so I do not resolve it.
In late 2008 or early 2009, Borrowers defaulted on their loan. During the first half of 2009, Saxon Mortgage Services, Inc., as servicer of the loan, sentanotice to Borrowers that the loan was in default (the “Notice”) and offered them the 90-day cure period required by M.G.L.c. 244, §35A. The parties provided different versions of that Notice, with Borrowers presenting an undated version which, according to the Amended Verified Complaint, was sent on May 24, 2009, and Deutsche Bank as Trustee presenting a version of the Notice dated February 24, 2009. While Borrowers’ version of the Notice lacks letterhead and a date, its text is identical to the version submitted by Deutsche Bank as Trustee. The three-month difference in the purported dates of these two versions of the Notice is irrelevant to this decision, and so I do not resolve the question of the date on which the Notice was sent.
Borrowers apparently did not cure their default, because Deutsche Bank as Trustee began foreclosure proceedings in Middlesex Superior Court by filing a Complaint to Determine Military Status in Civil Action No. MICV2009-4448. Borrowers did not respond to this lawsuit, default was entered, and ultimately this court issued an order under the provisions of the Soldiers’ and Sailors’ Civil Relief Act granting Deutsche Bank as Trustee the authority to foreclose under the power of sale contained in the mortgage.
Deutsche Bank as Trustee then held a foreclosure sale, again after notice to Borrowers. Deutsche Bank as Trustee purchased the property at that foreclosure sale.
By the summer of 2012, more than three years had passed since the beginning of these foreclosure proceedings, and the Borrowers had never responded to any notice or other action taken by Deutsche Bank as Trustee. Nor, however, had they moved out of the property at issue. Therefore Deutsche Bank as Trustee filed a summary process lawsuit in Somerville District Court, obtaining judgment on July 20, 2012, again by default when Borrowers did not respond to the lawsuit.
At this point Borrowers finally took action, asking the Somerville District Court to vacate the default judgment against them in the eviction proceeding. Borrowers contended that they had mailed a discovery request to Deutsche Bank as Trustee which should have put off the District Court proceedings for two weeks under Summary Process Rule 7(b), but this *370 discovery request was not delivered on time because of an unexplained delay in mail delivery. The Somerville District Court denied Borrowers’ motion to vacate, and, in any event, it is unlikely that the result of the eviction proceeding would have been any different had it occurred two weeks later.
On September 21, 2012, the Middlesex County Sheriff served a notice to quit, requiring Borrowers to move out by October 5, 2012. On October 4, however, Borrowers filed the current lawsuit, and obtained a temporary restraining order against the Sheriffs enforcement of the notice to quit.
On October 26, 2012, I heard argument on Borrowers’ request that the temporary restraining order be converted to a preliminary injunction. After the hearing, Deutsche Bank as Trustee submitted additional factual material, pursuant to a request that I had allowed at the hearing, and Borrowers submitted a supplemental opposition discussing that additional factual material.
Analysis
“A party seeking a preliminary injunction must show that (1) success is likely on the merits; (2) irreparable harm will result from denial of the injunction; and (3) the risk of irreparable harm to the moving party outweighs any similar risk of harm to the opposing party.” Cote-Whitacre v. Dept. of Public Health, 446 Mass. 350, 357 (2006) (Spina, J., concurring), citing Packaging Industries Group v. Cheney, 380 Mass. 609, 616-17 (1980). Here, to justify the issuance of a preliminary injunction against Deutsche Bank as Trustee, Borrowers must show, first, a likelihood that they will prevail at trial on their theory that the foreclosure sale was void, and second, that in the absence of an injunction Borrowers will suffer harm that is both irreparable and severe enough to outweigh the harm that an injunction will impose on Deutsche Bank as Trustee.
1. Likelihood of Success on the Merits
Borrowers point to several defects in the Notice and in the two affidavits filed by Deutsche Bank as Trustee after the foreclosure. (In these two affidavits, which are required by M.G.L.c. 244, §15, Deutsche Bank as Trustee swore that it had complied with the statutory requirements for foreclosure under a power of sale.) Borrowers contend that, because of these defects, the foreclosure sale in 2011 was void, and therefore they remain owners of the property at issue. In this lawsuit, they seek a declaratoiy judgment to that effect, and injunctive relief prohibiting Deutsche Bank as Trustee from offering the property for sale, transferring its purported interest in the property, or removing them or their possessions from the properly.
One of the defects in the Notice, according to Borrowers, is that it fails to list “the name and address of the mortgagee, or anyone holding thereunder, and the telephone number of a representative of the mortgagee whom the mortgagor may contact . . .” M.G.L.c. 244, §35A(c)(4). I find that Borrowers are likely to succeed in undoing the foreclosure because Deutsche Bank as Trustee failed to strictly comply with this statutory requirement, and so I do not consider the other defects alleged by Borrowers.
The mortgagee who purported to foreclose was Deutsche Bank as Trustee, in its role as assignee of the mortgage. In the versions of the Notices presented by both parties, the following text appears:
Creditor: Deutsche Bank
SERVICER: Saxon Mortgage Services, Inc.
. Ex. 2 to Defendant’s Opposition to Plaintiffs’ Application for Preliminary Injunction at 1; accord, Ex. 4 to Amended Verified Complaint at 1. In addition, the Notice in both versions contains the following language on page 2:
You are encouraged to call Saxon to discuss the default on your loan. We can be reached at 1-800-874-9516. You may contact us in writing at the following address: Saxon Mortgage Services, Inc., 4708 Mercantile Dr. North, Fort Worth, TX, 76137-3605 or P.O. Box 966, 1106 Fort Worth, TX, 76161-0106.
Deutsche Bank as Trustee asserts that, through the text quoted above, the Notice satisfied the requirements of section 35A(c)(4). Borrowers, on the other hand, contend that there is no address listed for Deutsche Bank as Tiustee and therefore the Notice fails to satisfy the requirement the “address of the mortgagee” be given. Borrowers further point out that even “the name ... of the mortgagee” is inaccurate, because it says merely “Deutsche Bank,” leaving out the fact that Deutsche Bank was the mortgagee as a trustee of a particular Trust. Finally, Borrowers argue that the Notice is insufficient because it does not identify Deutsche Bank as “the mortgagee,” but instead refers to it as “Creditor.”
There is little doubt that the Notice provided Borrowers with sufficient information to allow them to contact a representative of the mortgagee if they disagreed with the assertion that a default had occurred or with the accuracy of the calculation of the amount owed. They could contact Saxon, the servicer of the mortgage and therefore “a representative of the mortgagee,” to discuss those topics. Thus the Notice accomplished the legislative purpose behind section 35A(c)(4).
However, the law of Massachusetts requires a mortgagee to do more than simply satisfy the purpose behind the statute that requires advance notice of an impending foreclosure. “The manner in which the notice of a proposed sale shall be given is one of the important terms of the power [of sale in a mortgage], and a strict compliance with it is essential to the valid exercise of the power.” U.S. Bank N.A., Trustee v. Ibanez, 458 Mass. 637, 647-48 (2011), quoting Moore *371 v. Dick, 187 Mass. 207, 212 (1905) (emphasis added). Although the Ibanez court was considering the notice requirement in M.G.L.c. 244, §14, the principle of “strict compliance” applies equally to the notice requirement in M.G.L.c. 244, §35A(c)(4).
That statute requires that a notice of the right to cure must include “the name and address of the mortgagee.” In this case, the Notice does not name the mortgagee as such, only identifying Deutsche Bank as the “Creditor.” As the Supreme Judicial Court recently pointed out, the mortgagee is not always the creditor, because sometimes the mortgage is assigned without the underlying promissory note being assigned to the same party, or vice versa. Federal National Mortgage Ass’n v. Eaton, 462 Mass. 569, 576 (2012) (“in Massachusetts, a mortgage and the underlying note can be split”); accord, Lamson & Co. v. Abrams, 305 Mass. 238, 245 (1940) (“The holder of the mortgage and the holder of the note” — that is, the mortgagee and the creditor — “may be different persons”). “Strict compliance” with section 35(c)(4), therefore, would require that Deutsche Bank be identified as the mortgagee, not just the creditor, and the Notice does not do that.
Assuming that Deutsche Bank was in fact the mortgagee at the time that Saxon sent the notice to Borrowers (a disputed question I need not resolve at this stage), Deutsche Bank held that status as the trustee for a particular trust, and not in its individual corporate capacity. When an entity does not identify itself as “trustee” in signing a legal document, the trust is not bound by its actions, because an entity acting in its capacity as trustee “is treated as a different party when acting individually.” Rogaris v. Albert, 431 Mass. 833, 836 (2000). In a case like this, where the purpose of identifying the mortgagee is to allow the party receiving the Notice to contact that mortgagee or its representative, the distinction between “Deutsche Bank” and “Deutsche Bank National Trust Company as Trustee for Morgan Stanley IXIS Real Estate Capital Trust 2006-2" matters little. However, in failing to identify Deutsche Bank as a trustee, the Notice again failed to meet the standard of "strict compliance" with section 35A(c)(4).
Finally, the Notice nowhere lists the address of the mortgagee, Deutsche Bank as Trustee. Again, this is an omission of little importance, because the Notice gives an address and a phone number for Saxon, the servicer, so Borrowers would have someone they could easily contact were they so inclined. But, again, omitting the address of the mortgagee means the Notice did not meet the test of “strict compliance” with the statutoiy requirements.
“Foreclosure is a powerful act with significant consequences, and Massachusetts law has always required that it proceed strictly in accord with the statutes that govern it . . . Such strict compliance is necessary because Massachusetts both is a title theory State and allows for extrajudicial foreclosure.” Ibanez, 458 Mass. at 655 (Cordy, J., concurring). Because the Notice fails to strictly comply with the requirements of M.G.L.c. 244, §35A(c)(4) in the respects described above, Borrowers have established a likelihood that they will succeed on the merits of their claim that the foreclosure sale was invalid.
2. Irreparable Harm
Borrowers live in the home at issue in this lawsuit. Their two minor children live with them. In the absence of an injunction, Deutsche Bank as Trustee undoubtedly will enforce the Sheriffs notice to vacate, and Borrowers and their minor children will be forced to move.
It is true that prevailing in this lawsuit would not necessarily guarantee that Borrowers would be able to retain their home. Borrowers do not dispute that they are in default. If Borrowers cannot pay what they owe, which is quite possible, then Deutsche Bank as Trustee could immediately begin the foreclosure process anew, curing all the alleged defects, and eventually Borrowers would again face the loss of their home.
It is also true that Borrowers have stood silent for three years as Deutsche Bank as Trustee reacted to their default by taking measured, progressive steps toward foreclosure and eviction, and that, on the eve of eviction, Borrowers raised, for the first time, defects in a Notice served on them at the outset of this long process. That fact weighs against issuance of an injunction.
Nonetheless, if the temporary restraining order is not converted to an injunction, Borrowers and their minor children will be forced to leave their home of many years. Despite the fact that Borrowers have generally ignored the good faith efforts of their mortgagee to follow a legal process to collect what Borrowers owe, an eviction would constitute irreparable harm.
On the other hand, in the absence of an injunction, Deutsche Bank as Trustee will suffer the inconvenience of being unable to sell the real estate at issue, even while it is apparently unable to collect the back mortgage payments from Borrowers. For an institution the size of Deutsche Bank, even in its role as Trustee of a Trust that owns hundreds or thousands of mortgages, this does not constitute irreparable harm that would outweigh the harm faced by Borrowers and their children should an injunction not issue.
ORDER
For the foregoing reasons, I ISSUE the following preliminary injunction; Defendant is enjoined from offering the property of Plaintiffs Maria Silva and Valdirene Batista for sale, transferring any interests in the property, removing any of Borrowers’ personal property from the premises, or preventing Borrowers from continuing to live at the premises until further order of this court.