Curran, Dennis J., J.
The plaintiff Wie Ja Shin has moved for injunctive relief under Mass.R.Civ.P. 65 to prevent the defendant Residential Investments, LLC from using its execution for possession until her challenge to the validity of an underlying foreclosure sale has been adjudicated. She asserts claims for wrongful foreclosure and eviction (count I), and declaratory judgments to set aside foreclosure sale and eviction (count II), and foreclosure by entry (count III). For the reasons set forth below, Ms. Shin’s motion is DENIED.
BACKGROUND
This case arises from a claim of wrongful foreclosure concerning a right to cure notice and G.L.c. 244, §35A. Accepting the factual allegations in the complaint and the inferences therefrom as true, the material facts are as follows. The Harvard Crimson, Inc. v. President & Fellows of Harvard ColL, 445 Mass. 745, 749 (2006).
On August 23, 2007, Wie Ja Shin took out a loan for $1.54 million secured by a mortgage with Wells Fargo Bank, N.A. to purchase a house for $2.2 million on 22 Butterfield Road in Lexington, Massachusetts.
About 16 months later, Ms. Shin defaulted on her mortgage. Wells Fargo sent her a notice of her right to cure. She never cured that or any succeeding default. Indeed, at oral argument on her motion, her counsel, from MetroWest Legal Services, admitted that Ms. Shin has lived for at least the last five years in a home valued at more than $2.2 million, without making a single monthly mortgage payment.
On February 28, 2011, Wells Fargo assigned the defaulted mortgage to Consumer Solutions 3, LLC, which foreclosed upon the property over two years ago. Subsequently, Consumer Solutions assigned the mortgage to Residential Investments, LLC.
On October 3, 2011, Residential filed a summary process action to recover the property in Concord District Court. On March 1, 2013, Ms. Shin failed to appear at her summary process trial which resulted in a default judgment and an execution for possession in favor of Residential.
Ms. Shin now requests a preliminary injunction to prevent Residential from evicting her until the validity of the foreclosure sale has been addressed, and declaratory judgments to set aside the foreclosure sale and eviction.
DISCUSSION
I.Standard of Review
A party seeking a preliminary injunction under Mass.R.Civ.P. 65 must show a likelihood of success on the merits of the claim and substantial risk of irreparable harm in the absence of an injunction that outweighs any similar risk of harm to the opposing party. Packaging Industries Group v. Cheney, 380 Mass. 609, 616-17 (1980). In this case, to justify a preliminary injunction, Ms. Shin must show likelihood that her claim of wrongful foreclosure will prevail at trial, and that in the absence of an injunction, she will suffer harm that is both irreparable and severe enough to outweigh the harm that an injunction will impose on Residential.
II.Overview
The previous default judgment in Concord District Court has invited the issue of res judicata However, Ms. Shin did not make an argument for non-compliance with G.L.c. 244, §35A in the district court, so the default judgment cannot be considered a final judgment as to the G.L.c. 244, §35A issues; res judicata does not apply.
The central question behind this motion is simple: did Ms. Shin receive a valid right to cure notice under G.L.c. 244, §35A? The power to foreclose without immediate judicial oversight requires the power of sale to be strictly governed by the applicable statutes. U.S. Bank N.A., Trustee v. Ibanez, 458 Mass. 637, 647 (2011). The notice is held to the same strict scrutiny because it is an important aspect within the power of sale. Id. at 648. Here, upon examination, Ms. Shin did receive a valid “right to cure” notice in compliance with these statutory requirements.
III.Res Judicata
Consumer Solutions and Residential argue that the district court’s default judgment bars Ms. Shin by the doctrine of res judicata because she is relitigating previously-adjudicated claims. This is not the case. Claim preclusion requires three elements: the identify or privity of the parties to the present and prior actions, the identify of the cause of action, and prior final judgment on the merits. Kobrin v. Board of Registration in Med., 444 Mass. 837, 843 (2005).
The causes of action are not identical. The summary process in the district court concerned possession of the property; this action raises the issue of wrongful foreclosure. Additionally, the sufficiency of the right to cure notice was not heard by the district court. That *304 court’s default judgment cannot be considered a final judgment on the merits of the G.L.c. 244, §35A issues. Bravo-Buenrostro v. Onewest Bank F.S.B., CIV.A. 11-03961, 2011 WL 10818677, *7 (Mass.Super. May 31, 2011). Ms. Shin is not barred by res judicata because the section 35A issue was never considered by the district court. Thus, we turn to consider the merits of Ms. Shin’s claim.
IV. Right to Cure Notice and G.L.c. 244, §35A
Ms. Shin argues that she did not receive a valid right to cure notice that strictly complied with the statutory power of sale. The six criteria for a valid right to cure notice are set forth in G.L.c. 244, §35A(c). Upon inspection, the notice in question does satisfy the strict statutory standards.
A. Section 35A(c)(l): First, a notice must inform the mortgagor of the nature of the default as well as the mortgagor’s right to cure the default by paying the sum of money required. Here, the notice warned Ms. Shin that her loan was in default and gave her the option of avoiding foreclosure by paying the amount listed and any other relevant charges.
B. Section 35A(c)(2): Second, the notice must include the date by which the mortgagor must cure the default as well as the name, address, and local or toll-free phone number of the person to whom the payment or tender is to be made. Ms. Shin was informed that payment to cure the default had to be made by March 14, 2009 to Wells Fargo Home Mortgage, 1 Home Campus, X2302-04A, Des Moines, IA 50328, which could be reached at the toll-free number, 1-800-416-1472.
C. Section 35A(c)(3): Third, the notice must warn Ms. Shin that her failure to cure the default may result in the mortgagee or any one holding under that mortgage might take steps to terminate her ownership in the property. The notice here warned Ms. Shin of the consequences if funds were not received on time as well as the mortgagee’s willingness to take steps to terminate her ownership.
D. Section 35A(c)(4): Fourth, the notice must provide the name and address of the mortgagee, or mortgage holder. The phone number of a representative of the mortgagee must also be provided for Ms. Shin to dispute the default. The mortgagee must be identified because only the present holder of a mortgage is authorized to foreclose on mortgaged property and the mortgagor is entitled the ability to know and contact the mortgagee. Ibanez, 458 Mass. 637 at 648; Silva v. Deutsche Bank Nat. Trust Co., MICV2012-03951H, 2012 WL 6016813 *7 (Mass.Super. Nov. 14, 2012) [30 Mass. L. Rptr. 369). Thus, as long as the notice specifically identified the present “mortgagee”[1] and provides sufficient contact information, differences in how the mortgagee was referenced are of little consequence.[2] Id. at *7 The notice received by Ms. Shin identified the then-present mortgagee as Wells Fargo Home Mortgage and provided its contact address. The notice also informed Ms. Shin that Loan Service Representatives could be reached at 1-800-416-1472. By identifying the mortgagee and providing an address and phone number, Wells Fargo met the required standard.
E. Section 35A(c)(5): The notice must also provide the name of any current and former mortgage broker or mortgage loan originator for such mortgage or note securing the residential properly. The notice sent to Ms. Shin considered that no specific person originated the loan as confirmed by the original mortgage.
F. Section 35A(c)(6): Finally, a valid right to cure notice must inform Ms. Shin of her eligibility for assistance from the Massachusetts Housing Finance Agency and the Division of Banks, and the local or toll free phone numbers for the respective organizations. The notice provided to Ms. Shin fulfilled this requirement and indeed, provided additional contact information for HUD Approved Housing Counseling as well as the Veterans’ Administration.
The “right to cure” notice sent to Ms. Shin complied with the requirements of G.L.c. 244, §34A. Ms. Shin has failed to establish a likelihood that she will succeed on the merits of her wrongful foreclosure claim.
V. Equitable Relief
Legal title having been established by proof that title was acquired strictly according to the power of sale in the mortgage, Ms. Shin tacks to request equitable relief.[3] Ms. Shin has continued to live in a multi-million dollar Lexington home without paying her monthly mortgage for at least five years. In the absence of an injunction, Residential will likely enforce its execution for possession. Although the loss of her home may outweigh the burden placed on Residential, Consumer Solutions (and potentially Wells Fargo), it would be inequitable to allow Ms. Shin to continue residing in such luxury when she has failed to pay her mortgage for over five years. The district court has already afforded her a stay to lessen the sting of foreclosure. Thus, taking a global view of Ms. Shin’s circumstances, she has lived in a multi-million dollar home for over five years, mortgage-free, and another court has already acceded to Ms. Shin’s demand for a stay.
As the maxim states, to seek equity, one must do equity. Failing to pay a mortgage for over five years in multi-million dollar splendor does a disservice to others who dutifully pay their own mortgage bill every thirty days. Here, Ms. Shin has failed to do so—not once, twice, thrice or even six times—but over sixty times. Her case does not warrant equity; equity dictates otherwise.
Ms. Shin was served with a valid right to cure notice under G.L.c. 244, §35A. There is no likelihood she will succeed on the merits of her claim for wrongful foreclosure. Under the facts established here, she is unable to show that her case is deserving of equity. Accordingly, her motion for injunctive relief must be DENIED.
*305 ORDER
For these reasons, Ms. Wie Ja Shin’s motion for injunctive relief is DENIED.

 Opposed to a “creditor” or “lender.” Id. at *6.

Reference to “Deutsche Bank," instead of “Deutsche Bank National Trust Company as Trustee for Morgan Stanley IXIS Real Estate Capital Trust 2006-2" in right to cure notice considered negligible. The issue was Deutsche’s failure to identify itself as a trustee.

Even if Ms. Shin’s claim for wrongful foreclosure was successful, it would not guarantee the retention of her home. The mortgagee would simply fix the alleged defect and begin the foreclosure process anew and Ms. Shin would again face the loss of her home. Silva, 2012 WL 6016813 at *8.