NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-442

BRIAN ERNST[1] & another[2]

vs.

CATHERINE A. BAKER & others.[3]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiffs, Brian Ernst and Victoria Ernst

(plaintiffs), appeal from a judgment entered following their

acceptance of an offer of judgment pursuant to Mass. R. Civ. P.

68, 365 Mass. 835 (1974) (Rule 68) by Homeowners Choice Property

& Casualty Insurance Company, Inc. (Homeowners Choice),

Catherine Baker, and Julie Baker (collectively defendants).  A

Superior Court judge concluded that all three defendants

---

[1] Individually and as Next Friend of C.E.

[2] Victoria Ernst, Individually and as Next Friend of C.E.

[3] Julie Baker and Homeowners Choice Property & Casualty Insurance Company, Inc.

tendered the offer of judgment for a total of $150,000, inclusive of prejudgment interest.  We affirm.

Background.  On May 8, 2022, C.E., a minor, was bit by a dog.  Her parents brought suit against the homeowner, Catherine Baker, and the dog owner, Julie Baker, in July of 2022.  The suit was twice dismissed on jurisdictional grounds, but eventually proceeded in the Superior Court against the defendants including claims under G. L. c. 93A and c. 176D.  On February 27, 2024, a Superior Court judge severed and stayed the plaintiffs' claims against Homeowners Choice pending adjudication of the claims against the Bakers.  On June 24, 2024, partial judgment on the pleadings for an undetermined amount entered against Julie Baker.

On January 2, 2025, the plaintiffs received an offer of judgment pursuant to Rule 68.  They filed their notice of acceptance of the offer of judgment with the court on January 6, 2025.  On January 8, 2025, the judge entered an order requiring the parties to file an agreement for judgment with the court "consistent with the terms expressed in the [o]ffer of [j]udgment," which was "for resolution of all claims for the full amount of [$150,000], inclusive of costs and interest."  No agreement for judgment was filed.  Rather, the plaintiffs filed a motion for entry of judgment for $150,000, assessment of

2

prejudgment interest, and either entry of a separate $150,000 judgment against Homeowners Choice or a lifting of the stay of the claims against Homeowners Choice. The defendants filed a cross-motion for entry of judgment. The judge granted the defendants' cross-motion ordering that "[j]udgment against defendants Catherine Baker, Julie Baker, and [Homeowners Choice] shall enter in the total amount of $150,000.00, with no costs and no interest and no fees to be added. Judgment shall enter after hearing to approve settlement." The judgment entered on April 1, 2025. This appeal followed.

Discussion. The plaintiffs argue that the judge erred by not including prejudgment interest calculated from the date of the filing of their first Superior Court action, by not beginning the accrual of postjudgment interest on June 24, 2024, and by construing the offer of judgment to include Homeowners Choice. The plaintiffs further argue that a separate judgment in the amount of $150,000 against Homeowners Choice should enter, or in the alternative, the stay of their claims against Homeowners Choice should be lifted to permit the plaintiffs to pursue the claims. We are not persuaded.

Questions of statutory interpretation and issues of contract construction are reviewed de novo on appeal. See Genworth Life Ins. Co. v. Commissioner of Ins., 95 Mass. App.

3

Ct. 392, 395 (2019); see also A.L. Prime Energy Consultant, Inc., v. Massachusetts Bay Transp. Auth., 479 Mass. 419, 424 (2018).

"In general, principles of contract law apply to determine the terms and effect of offers of judgment under Rule 68." Nortek, Inc. v. Liberty Mut. Ins. Co., 65 Mass. App. Ct. 764, 772 (2006). When reviewing a disputed contract, "[t]he terms stated by the parties will be taken in their plain and ordinary sense unless otherwise indicated by the contract. It is not the role of the court to alter the parties' agreement" (citation omitted). Rogaris v. Albert, 431 Mass. 833, 835 (2000).

1. Prejudgment Interest. The plaintiffs argue that they are entitled to prejudgment interest calculated from the date their first action was filed in Superior Court, accruing until June 24, 2024 for the claims against Julie Baker and until January 6, 2025 for the claims against Catherine Baker. They rely on G. L. c. 231, § 6B and G. L. c. 235, § 8. They further argue that the offer was ambiguous and should be construed against the defendants. "[W]hen the language of a contract is clear, it alone determines the contract's meaning, . . . . The determination of ambiguity in a contract is also a question of law. Contractual language is ambiguous when it can support a reasonable difference of opinion as to the meaning of the words

4

employed and the obligations undertaken" (quotation and citations omitted).  Balles v. Babcock Power Inc., 476 Mass. 565, 571 (2017).  We disagree that the offer is ambiguous and conclude that no prejudgment interest is due.

The offer of judgment is comprised of four paragraphs, only one of which sets forth the financial terms.  Within that paragraph, the offer states that the defendants will "allow entry of [a] judgment . . . in the sum of $150,000.00" and "that the total judgment amount, including recoverable costs, which the [d]efendants shall be obligated to pay shall be $150,000.00."  The paragraph concludes with a further statement that this shall be the "total amount [to] be paid by the defendants . . . . "  We conclude that these terms are clear and unambiguous, and the total amount due, as of the entry of judgment, is $150,000.00.[4]

2.  Postjudgment Interest.  The plaintiffs further argue that they are entitled to postjudgment interest beginning on June 24, 2024 as to the claims against Julie Baker and on January 6, 2025 as to the claims against Catherine Baker.[5]

_____

[4] Because the plaintiffs are not entitled to prejudgment interest, we need not reach the issue of which date dictates the beginning of the accrual of prejudgment interest.

[5] The defendants argue that the issue of the date on which postjudgment interest should be assessed was not raised below and was thus not properly preserved for appeal.  See Century

5

As to Julie Baker, the plaintiffs rely on G. L. c. 235, § 8 which states, "[w]hen judgment is rendered. . . interest shall be computed upon the amount of the award, . . . . Every judgment for the payment of money shall bear interest from the date of its entry."  However, only partial judgment on the pleadings, as to liability and in an undetermined amount, was entered for the plaintiffs on June 24, 2024, and where the judgment was not a "judgment for the payment of money" under § 8, accrual of postjudgment interest did not begin.

As to Catherine Baker, the plaintiffs argue that postjudgment interest should begin accruing as of January 6, 2025, the date on which the plaintiffs filed the notice of acceptance of the offer of judgment.  Again, we disagree.  An acceptance of an offer of judgment does not operate as an entry of judgment by the court on the docket.  "[I]nterest shall be computed upon the amount of the award" on the date on which "judgment is rendered."  G. L. c. 235, § 8.  The judgment against both Julie Baker and Catherine Baker entered on April 1,

---

Fire & Marine Ins. Corp. v. Bank of New England-Bristol County, N.A., 405 Mass. 420, 421 n.2 (1989) ("An issue not raised or argued below may not be argued for the first time on appeal").  The plaintiffs properly preserved the issue of postjudgment interest by including it in the motion filed with the Superior Court on January 31, 2025.

6

2025, which is the proper date from which postjudgment interest shall accrue.

3. Claims Against Homeowners Choice. Finally, the plaintiffs argue that they are entitled to either a separate judgment against Homeowners Choice in the amount of $150,000.00,[6] or, the lifting of the stay of their claim against Homeowners Choice to continue litigation, because the language of the offer varies between referring to the defendants in the singular and the plural, and because the offer fails to mention the previously severed claims, thereby rendering it ambiguous. Again, we disagree.[7]

The offer of judgment clearly states that "[d]efendants Catherine A. Baker, Julie Baker, and Homeowners Choice. . . offer to allow entry of judgment. . . ." (emphasis omitted). The offer also references that it encompasses settlement of claims brought pursuant to G. L. c. 176D and G. L. c. 93A, causes of action that were only brought against Homeowner's Choice. We agree with the Superior Court judge that "[t]he

_____

[6] The plaintiffs do not explain why, even if we agreed the offer was ambiguous, they would be entitled to a second $150,000.00 payment.

[7] The plaintiffs also argue that the offer is ambiguous because some parts reference "all claims" while others reference a "disputed claim." We find this argument equally unpersuasive.

7

[o]ffer of [j]udgment is clear in its terms that a single amount would be paid on behalf of all defendants, including [Homeowners Choice]." Thus, the plaintiffs are not entitled to a second $150,000 judgment, nor to the lifting of the stay of the claims against Homeowners Choice.

Judgment dated April 1, 2025, affirmed.

By the Court (Neyman, D'Angelo & Allen, JJ.[8]),

*Paul Little*

Clerk

Entered: January 30, 2026.

---

[8] The panelists are listed in order of seniority.